\*\*E-filed 1/24/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT ELROY SMITH, | Case Number C 05-1439-JF |
| Plaintiff, | ORDER[1] GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART |
| v. | |
| HYANG SOOK KIM, et al., | |
| Defendants. | [Docket No. 24] |

**I. Background**

On April 8, 2005, Plaintiff Robert Elroy Smith ("Smith") filed a complaint against his ex-wife, Hyang Sook Kim ("Kim"), and the United States of America ("United States"), and various federal departments and agencies (collectively, "Federal Defendants"). Smith alleges that the Federal Defendants made improper disbursements of his Social Security benefits to Kim pursuant to a state court order after Kim made false statements to the California Superior Court during marriage dissolution proceedings. Smith asserts the claims for relief: (1) indemnification

---

[1] This disposition is not designated for publication and may not be cited.

for overpayments; (2) fraud; (3) petition for writ of mandamus against the United States; and (4) conversion against Kim.  He seeks full reimbursement of all overpayments made to Kim, injunctive relief, actual and punitive damages to compensate for emotional distress and related medical expenses, attorney's fees, and costs.

On November 22, 2005, the Federal Defendants filed a motion to dismiss Smith's complaint pursuant to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6).  The Federal Defendants assert that this Court lacks subject matter jurisdiction over Smith's claims to the extent that Smith seeks to recover in tort because the complaint does not allege that Smith complied with the administrative claim requirement of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a).  The Federal Defendants also assert that any tort claim naming as a defendant any federal agency (rather than the United States itself) is subject to dismissal, that the mandamus claim does not allege exhaustion of administrative remedies, that the complaint fails to state any claims upon which relief may be granted, and that, to the extent Smith seeks to recover funds paid more than six years ago, 28 U.S.C. § 2401(b) bars his claims.

On December 30, 2005, Smith filed opposition seeking leave to amend his complaint.  On January 6, 2006, the Federal Defendants filed a reply.

Having considered the briefs, relevant evidence, and the oral arguments at the hearing on January 20, 2006, the Court will grant the motion with leave to amend in part and without leave to amend in part.

## II.  Legal Standard

A motion to dismiss is proper under Rule 12(b)(1) where the Court lacks jurisdiction over the subject matter of the complaint.  FED. R. CIV. PRO. 12(b)(1).  The court presumes a lack of subject matter jurisdiction until the plaintiff meets his burden establishing subject matter jurisdiction.  FED. R. CIV. PRO. 12(b)(1); *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994).  The *non-moving party* must support its allegations with competent proof of jurisdictional facts when a party moves for dismissal under Rule 12(b)(1).  *See Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

2

A complaint may be dismissed as a matter of law pursuant to Rule 12(b)(6) for one of two reasons: (1) Lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

"A complaint should not be dismissed unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg*, 18 F.3d at 754. The court, however, "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id.* at 754-55. A court's review is limited to the face of the complaint, documents the complaint referenced, and matters of which the court may take judicial notice. *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991).

Motions to dismiss generally are viewed with disfavor under this liberal standard and are granted rarely. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Leave to amend must be granted unless it is clear that amendments cannot cure the complaint's deficiencies. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Nevertheless, when amendment would be futile dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996); *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988); *Beezley v. Fremont Indem. Co.*, 804 F.2d 530, 531 (9th Cir. 1986) (*per curiam*).

### III. DISCUSSION

A.   <u>Lack Of Jurisdiction Under Rule 12(b)(1)</u>

The Federal Defendants first argue that Smith's complaint must be dismissed under Rule12(b)(1) because this Court lacks subject matter jurisdiction over Smith's claims.

3

Case No. C 05-1439-JF
ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART
(JFEX1)

1. **The FTCA's Administrative Claim Requirement**

The Federal Defendants assert this Court lacks jurisdiction to the extent Smith seeks to recover in tort because the complaint does not allege that Smith complied with the FTCA's administrative claim requirement under Section 2675(a). The United States is a sovereign and is immune from suit without its prior consent. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940). Where sovereign immunity is waived, any suit must comply with the terms of the statutory waiver of immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The United States has waived its immunity with respect to actions permitted under the FTCA. 28 U.S.C. § 1346(b). Section 2675(a) of the FTCA, however, imposes as a prerequisite to its waiver of sovereign immunity the condition that a party must first file an administrative claim with the appropriate federal agency, and then wait until that claim has been denied or until six months after filing before filing suit. 28 U.S.C. § 2675(a); *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992). Section 2675(a) of the FTCA provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

28 U.S.C. § 2675(a) (Westlaw 2005).

The FTCA's administrative claim requirement is jurisdictional in nature and may not be waived. *Jerves*, 966 F.2d at 519; *see McNeil v. United States*, 508 U.S. 106, 113 (1993) (affirming dismissal for lack of subject matter jurisdiction where FTCA's administrative claim requirement was not fully satisfied before suit was filed). Moreover, a plaintiff seeking relief under the FTCA must plead and prove that he complied with the FTCA's administrative claim requirement. *See Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982) (FTCA

Case No. C 05-1439-JF
ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART
(JFEX1)

cannot serve as a basis for jurisdiction where plaintiff "has neither shown nor alleged that he has filed the proper administrative claim . . . .").

Smith fails to allege that he filed an administrative claim with any federal agency. If a plaintiff fails to exhaust the administrative claim procedure required under the FTCA, his complaint must be dismissed for lack of jurisdiction. *McNeil*, 508 U.S. at 113. However, Smith states in this opposition that "[a]n administrative claim was filed under the applicable tort claim act and that is the only administrative remedy that is required. [Smith] has exhausted all administrative remedies and to the extent that such exhaustion has not been completely pled [Smith] seeks leave to amend to show that the administrative remedies have been exhausted." Opposition at 1. Smith therefore will be granted leave to file amend his complaint to include factual allegations sufficient to comply with the FTCA's administrative claim requirement.

2.  <u>No Jurisdiction Over Any Federal Agency</u>

The Federal Defendants also argue that the complaint must be dismissed because this Court lacks jurisdiction over any tort claim naming as a defendant any federal agency rather than the United States itself. As discussed in Section III.A.1. above, the United States is a sovereign and is immune from suit without its prior consent, *Shaw*, 309 U.S. at 500-01, and the United States waived its immunity with respect to actions permitted under the FTCA. 28 U.S.C. § 1346(b). There is no such waiver of sovereign immunity for a suit brought against a federal agency. In fact, "[t]he authority of any *federal agency* to sue and be sued in its own name *shall not* be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive." 28 U.S.C. § 2679(a) (emphasis added); *see Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 476 (1994) (discussing that a suit brought under the FTCA may be brought *only* against the United States).

To the extent that the complaint may be construed as seeking monetary relief based on any cognizable claim under tort law from any of the Federal Defendants other than the United States, this Court lacks subject matter jurisdiction. *See Allen v. Veterans Admin.*, 749 F.2d 1386,

Case No. C 05-1439-JF
ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART
(JFEX1)

1388 (9th Cir. 1984) (holding that "[i]ndividual agencies of the United States may not be sued" under the FTCA).

### 3. Exhaustion Of Administrative Remedies

The Federal Defendants next argue that this Court lacks subject matter jurisdiction over Smith's mandamus claim because the complaint does not allege exhaustion of administrative remedies. The exhaustion requirement relating to a claim for mandamus is different from the exhaustion requirement under the FTCA. The FTCA provides for monetary damages, 28 U.S.C. § 1346(b), while the common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty. *See Kerr v. United States Dist. Court for Northern Dist. of Cal.*, 426 U.S. 394, 402-03 (discussing 28 U.S.C. § 1651). For that reason, a jurisdictional prerequisite to mandamus relief is the exhaustion of all available administrative opportunities to persuade the federal government to take the action requested.

Here, Smith fails to allege that he exhausted administrative remedies relating to his mandamus claim. Specifically, Smith does not allege that he exhausted the administrative remedies available to him under the Social Security Act and through the Veterans' Administration. Accordingly, Smith may amend his complaint to allege facts sufficient to show that he exhausted all available administrative remedies.

### B. Failure To State A Claim Under Rule 12(b)(6)

The Federal Defendants assert that Smith's complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6). Specifically, the Federal Defendants contend that Smith fails to allege facts demonstrating that the court order pursuant to which payments were made to Kim was not "regular on its face."

### 1. "Regular On Its Face"

The United States is not liable for payments made pursuant to a legal proceeding as long as the legal proceeding was "regular on its face." 42 U.S.C. § 659(f)(1). Section 659(f)(1) provides in relevant part: "[T]he United States . . . shall [not] be liable with respect to any

6

payment made from moneys due or payable from the United States to any individual pursuant to legal process *regular on its face*, if the payment is made in accordance with this section and the regulations issued to carry out this section." 42 U.S.C. § 659(f)(1) (Westlaw 2005) (emphasis added).

Smith claims that the Superior Court order which awarded Kim money "was defective on its face because it was procured by fraud and defendants should have known that." Opposition at 1. Smith seeks leave to amend his complaint to more fully describe the defective nature of the disbursements that defendants were negligent in providing. Although by definition it is doubtful that the circumstances surrounding the issuance of the order will sufficiently render the order irregular "on its face," Smith may amend his complaint to allege the ways in which the order was *not* "regular on its face."

2. <u>Failure To State A Tort Claim Against The United States</u>

Finally, the Federal Defendants argue that Smith fails to state a tort claim pursuant to Rule 12(b)(6) against the United States. This contention is well-taken. Smith may amend his complaint to allege facts sufficient to state true elements of such a tort claim against the United States.[2]

### IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the Federal Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND as to all claims against the United States and WITHOUT LEAVE TO AMEND as to all claims against the individual Federal Defendants. Any amended complaint shall be filed and served within twenty (20) days after the date of this Order.

---

[2] The Federal Defendants raise an additional argument that Smith's claims may be time barred. Because Smith has not yet alleged an actionable claim, the Court need not reach this argument at this time.

7

Case No. C 05-1439-JF
ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART
(JFEX1)

IT IS SO ORDERED.

DATED: January 24, 2006

_____
JEREMY FOGEL
United States District Judge

Case No. C 05-1439-JF
ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART
(JFEX1)

This Order has been served upon the following persons:

<u>Counsel for Plaintiff</u>:
Stanly G. Hilton
2570 North First Street, Suite 200
San Jose, CA 95131
FROG727@AOL.COM; mscarver@aol.com; loucasloukas@yahoo.com; chaffeej@pacbell.net; STAVROS3589@AOL.COM

<u>Defendant</u>:
Hyang Sook Kim
1030 Magnolia Avenue, Apt. #5
Millbrae, CA 94030

<u>Counsel for Defendant</u>:
Mark St. Angelo
United States Attorney's Office
150 Almaden Blvd., Suite 900
San Jose, CA 95113-2009
mark.st.angelo@usdoj.gov

Lisa Omori
Noland Hamerly Etienne and Hoss
333 Salinas Street
Salinas, CA 93901

Case No. C 05-1439-JF
ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART
(JFEX1)