NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT ELROY SMITH,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>HYANG SOOK KIM, et al.,<br><br>　　　　　Defendants. | Case Number C 05-01439 JF<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO SUPPLEMENT AND AMEND<br><br>[re: docket no. 30] |

**I. BACKGROUND**

On April 8, 2005, Plaintiff Robert Elroy Smith ("Smith") filed a complaint against his ex-wife, Hyang Sook Kim ("Kim"), the United States of America ("United States"), and various federal departments and agencies. Smith alleges that the United States and federal departments and agencies made improper disbursements of his Social Security benefits to Kim pursuant to a

---

[1] This disposition is not designated for publication and may not be cited.

state court order after Kim made false statements to the California Superior Court during marriage dissolution proceedings. Smith asserts the claims for relief: (1) indemnification for overpayments; (2) fraud; (3) petition for writ of mandamus (against the United States); and (4) conversion (against Kim). He seeks full reimbursement of all overpayments made to Kim, injunctive relief, actual and punitive damages to compensate for emotional distress and related medical expenses, attorney's fees, and costs.

On January 24, 2006, this Court issued an Order granting the motion to dismiss filed by the United States and the defendant federal departments and agencies. The Court dismissed the claims alleged against the federal departments and agencies without leave to amend on the ground that any tort claim naming as a defendant any federal agency (rather than the United States itself) is subject to dismissal. The Court dismissed the claims alleged against the United States with leave to amend pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because Smith had failed to allege exhaustion of administrative remedies, this Court did not have jurisdiction over the claims. Because Smith had alleged neither that the court order pursuant to which payments were made to Kim was not "regular on its face" nor every element of a tort claim, Smith's complaint failed to state a claim.

On February 13, 2006, Smith filed a First Amended Complaint ("FAC"), in which he alleges the same four claims for relief alleged in his original complaint, against Kim and the United States. The only substantive additions to the complaint include allegations that "[t]he judgment upon which payment were [sic] made to defendant Kim was irregular on its face" and that all appropriate tort claims and administrative claims were filed with the applicable agencies consistent with the requirements of the Federal Tort Claims Act ("FTCA"). On March 28, 2006, the United States filed the instant motion to dismiss. Smith opposes the motion.

## II. LEGAL STANDARD

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party asserts that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Id*. In

1  resolving a facial attack, the Court accepts the allegations in the complaint as true. *Whisnant v.*
2  *United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).  However, in a factual attack, the moving
3  party disputes the truth of the allegations in the complaint, which otherwise would be sufficient
4  to invoke federal jurisdiction. *Safe Air*, 373 F.3d at 1039.  In resolving a factual attack, the Court
5  need not presume the truthfulness of the allegations set forth in the complaint and may consider
6  evidence beyond the face of the complaint without converting the motion to dismiss into a
7  motion for summary judgment. *Id.*; *Whisnant*, 400 F.3d at 1179.  Once the moving party has
8  presented affidavits or other evidence tending to show that subject matter jurisdiction does not
9  lie, the plaintiff must present affidavits or other evidence sufficient to establish subject matter
10 jurisdiction. *Safe Air*, 373 F.3d at 1039.  This Court may "resolve factual disputes based on the
11 evidence presented where the jurisdictional issue is separable from the merits of the case." *U.S.*
12 *ex rel. Biddle v. Board of Trustees*, 161 F.3d 533, 535 (9th Cir. 1998).

13      A complaint may be dismissed as a matter of law pursuant to Rule 12(b)(6) for one of two
14 reasons: (1) Lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal
15 theory. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds,*
16 *Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).  For purposes of a motion to dismiss, all allegations
17 of material fact in the complaint are taken as true and construed in the light most favorable to the
18 non-moving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995);
19 *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

20      "A complaint should not be dismissed unless it appears beyond doubt the plaintiff can
21 prove no set of facts in support of his claim that would entitle him to relief." *Clegg*, 18 F.3d at
22 754.  The court, however, "is not required to accept legal conclusions cast in the form of factual
23 allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id.* at
24 754-55.  A court's review is limited to the face of the complaint, documents the complaint
25 referenced, and matters of which the court may take judicial notice. *Anderson v. Clow (In re Stac*
26 *Elecs. Sec. Litig.)*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *Levine v. Diamanthuset, Inc.*, 950
27 F.2d 1478, 1483 (9th Cir. 1991).

28      Motions to dismiss generally are viewed with disfavor under this liberal standard and are

granted rarely. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Leave to amend must be granted unless it is clear that amendments cannot cure the complaint's deficiencies. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Nevertheless, when amendment would be futile dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996); *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988); *Beezley v. Fremont Indem. Co.*, 804 F.2d 530, 531 (9th Cir. 1986) (*per curiam*).

### III. DISCUSSION

**A.     Lack of Jurisdiction Under Rule 12(b)(1)**

The United States argues that Smith's complaint must be dismissed under Rule 12(b)(1) because this Court lacks subject matter jurisdiction over Smith's claims. The United States is a sovereign and is immune from suit without its prior consent. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940). Where sovereign immunity is waived, any suit must comply with the terms of the statutory waiver of immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The United States has waived its immunity with respect to actions permitted under the FTCA. 28 U.S.C. § 1346(b).

Section 2675(a) of the FTCA imposes as a prerequisite to its waiver of sovereign immunity the condition that a party first must file an administrative claim with the appropriate federal agency, and then wait until that claim has been denied or until six months after filing before filing suit. 28 U.S.C. § 2675(a); *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992). Also, "the common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief." *Heckler v. Ringer*, 466 U.S. 602, 616, 104 (1984).

Smith's FAC includes the allegation that he has exhausted his administrative remedies, an allegation that was not included in his original complaint. However, the United States has submitted evidence subject to judicial notice that, at the time the FAC was filed, Smith had not yet exhausted his administrative remedies. *See* Will Decl. (stating that no administrative tort claim had been filed with the Department of Veterans Affairs as of March 21, 2006); Rouse

Decl. (stating that no administrative tort claim had been filed with the United States Army as of March 8, 2006); DeMesa Decl. (stating that Smith filed an FTCA Standard Form with the Social Security Administration on February 21, 2006).[2] By the time the United States filed its reply to Smith's opposition to the instant motion, the administrative tort claim Smith filed with the Social Security Administration ("SSA") had been denied. Heiser Decl., Ex. A (denial dated April 20, 2006). However, the denial of an administrative tort claim *after* an action has commenced does not satisfy the jurisdictional requirement that the administrative remedies be exhausted *before* to the initiation of an action pursuant to the FTCA. McNeil, 508 U.S. at 112 ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies *before* invocation of the judicial process.") (emphasis added). As the Supreme Court has explained, "[e]very premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions." *Id*.

Accordingly, Smith's claims against the United States will be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1), and Smith will be granted leave to supplement his complaint to allege exhaustion of administrative remedies.

**B.    Failure To State A Claim Under Rule 12(b)(6)**

The United States also argues that the FAC fails to state a claim upon which relief can be granted. The United States is not liable for payments made pursuant to a legal proceeding when the legal proceeding was "regular on its face." 42 U.S.C. § 659(f)(1). Smith has amended his complaint such that the FAC includes an allegation that the state court order pursuant to which payments were made to Kim is not "regular on its face." The United States asks this Court to take judicial notice of the state court order and conclude that it is "regular on its face." Answer of Hyang Sook Kim, Attachment 6. While this Court "may take judicial notice of 'matters of public

---

[2] As noted above, in resolving a factual attack on jurisdiction, the Court may consider evidence beyond the face of the complaint without converting the motion to dismiss into a motion for summary judgment. *Safe Air*, 373 F.3d at 1039.

record' without converting a motion to dismiss into a motion for summary judgment, it "may not take judicial notice of a fact that is 'subject to reasonable dispute.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)(citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986); Fed. R. Evid. 201(b)). Because "it is generally true that a judgment by a court of competent jurisdiction bears a presumption of regularity," *Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940), Smith must allege more than a legal conclusion that the state court order is not "regular on its face."

Additionally, the United States argues correctly that Smith has failed to allege all of the elements of any tort. It is not clear from the face of the FAC what tort is alleged and, moreover, the FAC does not allege all of the elements of any tort.

Accordingly, Smith's claims against the United States also will be dismissed for failure to state a claim pursuant to Rule 12(b)(6). Smith will be granted leave to amend his complaint in order to allege a claim upon which relief may be granted.

## IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the instant motion to dismiss is GRANTED with leave to supplement and amend. Smith shall file any amended and supplemented complaint, entitled "Second Amended and Supplemental Complaint," within thirty (30) days after service of this order.

DATED: May 15, 2006

_____
JEREMY FOGEL
United States District Judge

1 | This Order has been served upon the following persons:

2 | Chinhayi J. Coleman    chinhayi.j.coleman@usdoj.gov, ann.nelson@usdoj.gov
US Attorney's Office, Northern Dist
3 | 150 Almaden Blvd., Suite 900
San Jose, CA 95113

4

Stanley G. Hilton    FROG727@AOL.COM, mscarver@aol.com;
5 | Law Offices of Stanley G. Hilton    loucasloukas@yahoo.com; chaffeej@pacbell.net;
2570 North First St., Suite 200    STAVROS3589@AOL.COM; froggg@frognet.net
6 | San Jose, CA 95131

7 | Hyang Sook Kim
1030 Magnolia Avenue, Apt. #5
8 | Millbrae, CA 94030

9 | Lisa Omori
Noland Hamerly Etienne and Hoss
10 | 333 Salinas Street
Salinas, CA 93901

7

Case No. C 05-01439 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO SUPPLEMENT AND AMEND
(JFLC1)