**E-Filed 11/14/2006**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT ELROY SMITH,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HYANG SOOK KIM, et al.,<br><br>　　　　　　Defendants. | Case Number C 05-01439 JF<br><br>ORDER[1] GRANTING MOTION TO DISMISS CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT WITHOUT LEAVE TO AMEND<br><br>[re: docket no. 45] |

**I.  BACKGROUND**

On April 8, 2005, Plaintiff Robert Elroy Smith ("Smith") filed a complaint against his ex-wife, Hyang Sook Kim ("Kim"), the United States of America ("United States"), and various federal departments and agencies. Smith alleged that the United States and the other federal defendants made improper disbursements of his Social Security benefits to Kim pursuant to a

---

[1] This disposition is not designated for publication and may not be cited.

judgment ("Judgment") of the San Mateo Superior Court ("Superior Court") after Kim made false statements to the Superior Court during marriage dissolution proceedings. Smith asserted four claims for relief: (1) indemnification for overpayments; (2) fraud; (3) petition for writ of mandamus (against the United States); and (4) conversion (against Kim). On January 24, 2006, this Court issued an Order granting the motion to dismiss filed by the United States and the other federal defendants. The Court dismissed the claims alleged against the departments and agencies without leave to amend on the ground that any tort claim naming as a defendant any federal agency (rather than the United States itself) is subject to dismissal. The Court dismissed the claims alleged against the United States with leave to amend pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because Smith had failed to allege exhaustion of administrative remedies, this Court did not have jurisdiction over the claims. Because Smith had alleged neither that the Judgment, pursuant to which payments were made to Kim, was not "regular on its face" nor every element of a tort claim, Smith's complaint failed to state a claim.

On February 13, 2006, Smith filed a First Amended Complaint ("FAC"), in which he alleged the same four claims for relief alleged in his original complaint, against Kim and the United States. The only substantive additions to the complaint were allegations that "[t]he judgment upon which payment were [sic] made to defendant Kim was irregular on its face" and that all appropriate tort claims and administrative claims were filed with the applicable agencies consistent with the requirements of the Federal Tort Claims Act ("FTCA"). On May 15, 2006, this Court issued an Order granting the second motion to dismiss filed by the United States on multiple grounds. First, Smith's claims against the United States were dismissed because the administrative tort claim Smith filed with the Social Security Administration had been denied only *after* this action had commenced and thus did not satisfy the jurisdictional requirement that the administrative remedies be exhausted *before* the initiation of an action pursuant to the FTCA. Second, Smith alleged only a legal conclusion that the Judgment is not "regular on its face," which was insufficient to state a claim because "it is generally true that a judgment by a court of competent jurisdiction bears a presumption of regularity." *Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940). Finally, Smith had failed to allege all of the elements of any tort, and it was not clear

from the face of the FAC what tort was alleged.

On June 15, 2006, Smith filed a Corrected Second Amended and Supplemental Complaint for Damages ("SASC"). The only substantive additions to the complaint are specific allegations as to how the Judgment purportedly was irregular on its face. On July 3, 2006, the United States moved to dismiss the SASC or, in the alternative, for summary judgment. It argued that Smith still has failed to allege the elements of any tort, that the Judgment is regular on its face, and that Smith's claims for funds paid more than two years prior to the filing of the complaint are barred by the applicable statute of limitations. Smith opposed the motion. The Court heard oral argument on September 1, 2006. At the conclusion of the hearing, the Court ordered the United States to obtain the record underlying the Judgment from the Superior Court and to serve it upon the parties. The United States requested judicial notice of the Superior Court file pertaining to the dissolution and child support case between Smith and Kim ("Superior Court file") on September 29, 2006, and filed supplemental briefing on October 20, 2006. The Court heard further oral argument on November 9, 2006. Smith filed supplemental briefing on November 13, 2006.[2]

## II. LEGAL STANDARD

A complaint may be dismissed as a matter of law pursuant to Rule 12(b)(6) for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds,*

---

[2] The Court initially set a deadline for supplemental briefing of October 13, 2006. On October 18, 2006, the Court granted the parties' stipulation extending this deadline until October 20, 2006. On October 30, 2006, the Court denied Smith's motion to continue the hearing, but extended the deadline for supplemental briefing until November 3, 2006. At oral argument on November 9, 2006, Smith represented that he had not been able to file supplemental briefing because the provided time had not allowed him to analyze the two missing pages in his version of the record. The Court extended the deadline for Smith to file supplemental briefing until November 13, 2006.

The Court need not consider the supplemental briefing beyond its discussion of the two missing pages of Smith's version of the record, because Smith has represented that the missing pages were the sole reason for his delay. However, in light of the disposition of the instant motion, the Court has considered all of the arguments made by Smith in his supplemental briefing.

3

Case No. C 05-01439 JF
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFLC1)

*Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).  For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party.  *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

"A complaint should not be dismissed unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Clegg*, 18 F.3d at 754.  The court, however, "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Id.* at 754-55.  A court's review is limited to the face of the complaint, documents the complaint referenced, and matters of which the court may take judicial notice.  *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991).

Motions to dismiss generally are viewed with disfavor under this liberal standard and are granted rarely.  *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  Leave to amend must be granted unless it is clear that amendments cannot cure the complaint's deficiencies.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  Nevertheless, when amendment would be futile dismissal may be ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996); *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988); *Beezley v. Fremont Indem. Co.*, 804 F.2d 530, 531 (9th Cir. 1986) (*per curiam*).

### III. DISCUSSION

**1.     Failure to state a claim**

Smith's SASC alleges three "claims" against the United States: (1) indemnification for overpayments, (2) fraud, and (3) petition for writ of mandamus.  However, it is not entirely clear what legal theories Smith asserts against the United States.  Smith's claims for indemnification and fraud both allege that "the federal government has made excessive payments extracted out of money that was rightfully [Smith's], i.e., military pensions, retirement funds, etc."  SASC ¶ 14. Smith's claim for a writ of mandamus alleges: "From the year 2000 to the present, defendant United States government has been a legally [sic] garnishing from plaintiffs in military pension

1  and retirement and giving it to defendant Kim despite plaintiffs repeated admonition and advice
2  to defendant US government that Kim was making fraudulent statements and demanding monies
3  far in excess of what she was legally entitled to.  The judgment was irregular on its face and
4  should not have been used as the foundation for payments to defendant Kim." *Id*. ¶ 26.

5      To the extent that Smith alleges a claim for fraud against the United States, this claim is
6  precluded because 28 U.S.C. § 2680(h) excepts "any claim arising out of . . . misrepresentation
7  [or] deceit" from the federal government's waiver of sovereign immunity pursuant to the FTCA.
8  *See also*, *Pauly v. U.S. Dept. of Agri.*, 348 F.3d 1143, 1151 (9th Cir. 2003) ("To determine
9  whether a claim is barred by section 2680(h), we 'look[ ] beyond the labels used' by the plaintiff.
10 Rather, we 'examine whether the conduct upon which the claim is based constitutes one of the
11 torts listed in § 2680(h).'  '[T]he essence of an action for misrepresentation, whether negligent or
12 intentional, is the communication of misinformation on which the recipient relies.'") (internal
13 citations omitted).  Smith does not offer any opposition to this argument.

14     It is also possible to infer that Smith may be attempting to allege a claim for negligence.
15 Under California law, "[t]o prevail on a negligence claim, a plaintiff must prove that the
16 defendant owed and breached a legal duty to the plaintiff and that the breach was a proximate
17 cause of damages sustained by the plaintiff."  *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d
18 977, 981 (9th Cir. 1999) (citing *Ann M. v. Pacific Plaza Shopping Center*, 6 Cal.4th 666 (1993)).
19 Although Smith argues in opposition that "the simply [sic] fact is the defendant owned the
20 plaintiff a duty to protect that money and to make proper payments to him" and that when "the
21 defendant paid that money to another person, and breach that duty it was negligence," Smith has
22 not set forth the elements of a claim for negligence in the SASC itself.  In its previous two
23 Orders, this Court informed Smith that the original complaint and FAC failed to state the
24 elements of any tort claim.  Despite having had clear notice of the complaint's failure to set forth
25 the nature or the elements of any alleged tort, Smith has not made any modification to his
26 complaint that would cure this fatal defect.  Accordingly, the Court will grant this aspect of the
27 instant motion to dismiss without leave to amend.

28 **2.    The Superior Court Judgment**

The United States is not liable for payments made pursuant to a legal proceeding when the legal proceeding was "regular on its face." 42 U.S.C. § 659(f)(1). Smith has amended his complaint to allege specific ways in which the Judgment purportedly is not regular on its face. He alleges that "it did not inform the parties the date on which it was to expire or that it was subject to expiration," "it was inherently contradictory in that portions of said order commanded plaintiff to pay child support for his two kids until they reached age eighteen while another portion of said order had no expiration date for child support," and "because it did not say that child support for plaintiff's two children would expire when the children reached age 18 and thus were no longer minors." SASC ¶¶ 6, 11, 14, 29.

The United States requests that this Court take judicial notice of the Superior Court file. September 29, 2006, Request for Judicial Notice 1.[3] Although courts ordinarily do not consider evidence at the pleading stage, a court may consider judicially noticed materials in connection with motions to dismiss and to strike. *See, e.g.*, *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (regarding motions to dismiss); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (regarding motions to strike). Because the Judgment is referred to expressly in the SASC and it is a matter of public record, the Court may take judicial notice of it. *See, e.g.*, *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994) ("documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings."). This Court need not "accept as true allegations that contradict matters

---

[3] The Superior Court file is extensive. The documents that Smith challenges for the purposes of this motion are the Judgment, filed on February 14, 1994, and the Marital Settlement Agreement, dated May 28, 1993, that the Superior Court incorporated into the Judgment. The Judgment and the Marital Settlement Agreement are located within the last half-inch of the physical file. They are also reproduced as Exh. A to the United States' request for judicial notice dated July 3, 2006.

properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Superior Court file has been properly authenticated, and the Court will take judicial notice of it.

The Court concludes that none of the irregularities of the Judgment alleged in the SASC is sufficient to overcome the presumption of regularity accorded to a judgment by a court of competent jurisdiction. *See Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940). First, Smith cites no legal authority in his opposition for his argument that the Judgment is irregular because it did not inform the parties of the date on which it would expire. *See* SASC ¶ 6. Second, while Smith alleges that "it was inherently contradictory in that portions of said order commanded plaintiff to pay child support for his two kids until they reached age eighteen while another portion of said order had no expiration date for child support," SASC ¶ 11, the Court has been unable to locate such contradictory statements in the Judgment. Third, Smith contends that it was irregular for the Judgment to require child support payments after the children reached age eighteen. SASC ¶ 14. Indeed, the Judgment does require that Smith and Kim shall assist with college expenses until "completion of four years of post-secondary schooling or at age 25, whichever comes first." Marital Settlement Agreement § v(a). However, this provision is expressly permitted by California Family Code § 3587, which provides that "[n]otwithstanding any other provision of law, the court has the authority to approve a stipulated agreement by the parents to pay for the support of an adult child or for the continuation of child support after a child attains the age of 18 years and to make a support order to effectuate the agreement."

Smith argues that the Judgment is irregular in several additional respects. Although the Court need not consider these additional allegations of irregularity because they were not alleged in the SASC, the Court notes that none of the additional alleged irregularities establishes a valid contention that the Judgment is irregular on its face. Smith argues that the Judgment is a "default" judgment, which, Smith asserts, is inconsistent with the fact that the Judgment incorporates a settlement signed by Smith and Kim. Opposition 2, 11. However, Smith misstates the character of the Judgment, which indicates that it was "default *or uncontested*." Judgment 1. It is entirely consistent for an uncontested judgment to incorporate a signed

settlement agreement. Smith also argues that the Judgment is irregular because it was signed by a "temporary judge;" there are no check marks in the boxes that would indicate the presence of the petitioner, respondent, or their attorneys in court; the settlement agreement was signed on the same date that the Superior Court acquired jurisdiction over Smith, which was nine months prior to the date of the Judgment; and the words "property division order" do not appear on the Judgment. Opposition 2-4, 9-13. Smith cites no legal authority holding that any of these facts render the Judgment irregular on its face.

Smith's allegations in the supplemental briefing also fail to establish a valid contention that the Judgment is irregular on its face.[4] None of the assertions pertain to the Judgment at issue here, so they cannot establish its facial irregularity. In fact, Smith provides no authority supporting his claims that any of the challenged orders is irregular on its face. Smith also misrepresents the contents of the June 5, 1996, bankruptcy order[5] by failing to note that it

---

[4] Smith makes the following allegations in his supplemental briefing:
"1. Plaintiff Smith's Bankruptcy Court order ("Discharge of Debtors") of June 5, 1996, negates and invalidates all prior orders of the superior court of San Mateo County and therefore, a fortiori, it negates all "support" orders of the superior court, and hence defendant United States of America ("USA") should not have garnished any money of plaintiff or given it to Kim. Defendant USA had constructive notice of the Bankruptcy Court order, and Smith also sent USA a copy of it, to there is actual ken [sic] as well.
2. The August 31, 2001 order of the San Mateo County Superior Court ("SMSC") is irregular on its face because it contradicts the bankruptcy court discharge order and other orders.
3. The October 15, 2003 "stipulation and order" is irregular on its face because it was not signed by any judge or judicial officer and it contradicts what USA has been garnished.
4. The SMSC order of March 30, 1995 is irregular on its face for it finds plaintiff guilty of contempt for non-payment of child support ("CS") despite the fact that defendant USA was withholding and garnishing plaintiff's money and giving it to Kim.
5. The order described in our initial brief (1994) is irregular on its face."
Smith Supplemental Briefing 1.

[5] Order of United States Bankruptcy Court, June 5, 1996. This order is included in the Superior Court file in a series of Exhibits and Attachments shortly before the midpoint of the file. It is listed as "Exhibit 11" although it is not clear to which filing these exhibits are attached.

includes express limits on its scope.[6] Even if taken as true, Smith's other assertions do not show that the Judgment was irregular on its face and do not affect the presumption of regularity afforded to the Judgment.

Because Smith has been unable to allege that the Judgment is irregular on its face after having been given several opportunities to do so, and because it concludes that there is no reasonable likelihood that Smith can cure this defect if given further opportunity to amend, the Court will grant this aspect of the instant motion without leave to amend.

**3.   Motion for Summary Judgment**

In light of the foregoing, the Court does not reach Defendant's alternative motion for summary judgment.

### IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the instant motion to dismiss is GRANTED without leave to amend.

DATED: November 14, 2006

_____
JEREMY FOGEL
United States District Judge

---

[6] The bankruptcy order declares any future or past judgments null and void as a determination of the personal liability of Smith with respect to "(a) debts dischargeable under 11 U.S.C. Section 523; (b) unless heretofore or hereafter determined by order of this Court to be non-dischargeable, debts alleged to be excepted from discharge under clauses (2), (4), (6) and (15) of 11 U.S.C. Section 523(a); (c) debts determined by this Court to be discharged." 11 U.S.C. § 523(a)(5) provides that a bankruptcy debtor is not discharged of his obligation to pay "for a domestic support obligation." Similarly, a debtor is not discharged of his obligation to pay a debt "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit." 11 U.S.C. § 523(a)(15). Accordingly, the bankruptcy order does not disturb the Judgment at issue in the instant motion.

This Order has been served upon the following persons:

| | |
|---|---|
| Chinhayi J. Coleman | chinhayi.j.coleman@usdoj.gov |
| Stanley G. Hilton | FROG727@AOL.COM, mscarver@aol.com; loucasloukas@yahoo.com; chaffeej@pacbell.net; STAVROS3589@AOL.COM; frogg@e-garfield.com |

Notice will be delivered by other means to:

Hyang Sook Kim
1030 Magnolia Avenue, Apt. #5
Millbrae, CA 94030

Case No. C 05-01439 JF
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFLC1)